**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JAMES ELKINS and SUSAN ELKINS,

    Plaintiffs,

v.

R.A. MITCHELL, MARSHELL SMITH, C. SHERWOOD, and E. RAVENALL,

    Defendants.

CIVIL ACTION NO.
1:08-CV-2815-RWS

## **ORDER**

This case comes before the Court on Plaintiffs' Motion to Remand [5] and Defendants' Motion to Dismiss [4]. After a review of the record, the Court enters the following Order.

### **Background**

Plaintiffs James and Susan Elkins, appearing *pro se*, initiated this cause of action in Fulton County Superior Court against Internal Revenue Service ("IRS") agents R.A. Mitchell, Marshell Smith, C. Sherwood, and E. Ravenall (collectively "Defendants"), in their individual capacity, asserting that the

Defendants violated the United States Constitution when the IRS filed notices of federal tax lien against Plaintiffs in Fulton County, Georgia. (Complaint [1].) Plaintiffs seek declaratory relief that (1) the notices of federal tax lien are not based upon a record or court-issued judgment under Article IV, Sections 1 and 4 (Complaint [1] at ¶ 27); (2) Defendants violated Plaintiffs' due process rights under Article VII and the Fifth Amendment (Id. at ¶ 28); (3) the notices of federal tax lien are not records, judgments, or a public act of any state under Article IV, Sections 1 and 4 (Id. at ¶ 29); (4) the notices of federal tax lien are not a judgment by any competent tribunal under Article II, Section 2, Clause 3 (Id. at ¶ 30); (4) the notices of federal tax lien placed against Plaintiffs' property violated Article VII and the Fifth Amendment (Id. at 31); and (5) the Defendants had no official capacity to file the notices of federal tax lien in Fulton County (Id. at ¶ 32). Plaintiffs further request that the Court order the county recording office to remove the notices of federal tax lien on Plaintiffs' property. (Id. at 6.) The U.S. Department of Justice removed the case on behalf of the Defendants to the Northen District of Georgia on September 4, 2008. (Notice of Removal [1].)

**I.    Motion to Remand**

Plaintiffs request that the Court remand the case back to Fulton County Superior Court, asserting that removal was improper as the United States is not a named party in the suit. (Dkt. No. [5] at 5.) Plaintiffs argue that the Defendants were each sued in their individual capacity and are therefore the only appropriate parties to remove the case. (Id. at 6.) Plaintiffs contend that the United States does not have an interest in the case and may not interfere by removing the suit. (Id. at 9.)

In response, Defendants argue, and the Court agrees, that the removal is proper and jurisdiction is established in the case herein. Plaintiffs have asserted a cause of action against four IRS agents for their acts of filing notices of federal tax liens to effectuate collection of Plaintiff's alleged unpaid taxes. Although the suit names the Defendants in their individual capacity, the alleged liability clearly arises from acts taken by Defendants in their capacity as revenue agents for the IRS. To this extent, Plaintiffs' claims relating to the validity of the notices of federal tax lien are essentially claims against the United States. (Dkt. No. [7] at 6.) Accordingly, the United States has an

3

interest in this case and may designate an officer of the Department of Justice to defend those interests:

> The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States.

28 U.S.C. § 517.

Furthermore, 28 U.S.C. § 1442(a) permits the removal of state court actions affecting IRS collection of revenue to federal court, providing in relevant part:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for . . . the collection of the revenue.

Accordingly, Defendants' removal from Fulton County Superior Court to the Northern District of Georgia was proper. Plaintiffs' Motion to Remand [5] is **DENIED**.

AO 72A
(Rev.8/82)

## II.     Motion to Dismiss

Defendants move to dismiss the case on the basis of a lack of subject matter jurisdiction, asserting that the case is barred by: (1) the doctrine of sovereign immunity; (2) Declaratory Judgment Act; (3) Anti-Injunction Act; (4) Plaintiffs' failure to assert a Bivens claim; and (5) insufficient service of process.

The Court finds it unnecessary to address each of Defendants' arguments, as Plaintiffs' claims for relief are clearly barred by the Declaratory Judgment Act and the Anti-Injunction Act. As this Court has recently held in Proctor v. United States Government, No. 1:06-CV-2860-RWS, 2007 WL 2963738, at *2 (N.D. Ga. Aug. 9, 2007), the Declaratory Judgment Act, 28 U.S.C. § 2201(a), authorizes federal courts to issue declaratory judgments "except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986...." The limited exception under I.R.C. § 7428 (26 U.S.C.) addresses only declaratory judgments relating to the status and classification of organizations under 26 U.S.C. § 501(c)(3), which is inapplicable here. See, e.g., Hughes v. United States, 953 F.2d 531, 536-37 (9th Cir. 1992.)

5

Furthermore, the Anti-Injunction Act precludes this Court from exercising jurisdiction over any action seeking to enjoin the collection of taxes. 26 U.S.C. § 7421(a). Plaintiffs' request that the Court order the county recording office to remove the notices of federal tax lien falls squarely within this prohibition. Section 7421(a) of the Internal Revenue Code provides, in relevant part, that:

> (a) Tax.-Except as provided in Sections 6212(a) and (c), 6213(a), 6672(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b) [of the Internal Revenue Code], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

Therefore, this Court is without jurisdiction under both the Declaratory Judgment Act and the Anti-Injunction Act to grant Plaintiffs their requested relief. Defendants' Motion to Dismiss [4] is hereby **GRANTED**.

## Conclusion

Based on the foregoing, Plaintiffs' Motion to Remand [5] is **DENIED** and Defendants' Motion to Dismiss [4] is **GRANTED**.

6

AO 72A
(Rev.8/82)

**SO ORDERED** this  25th  day of June, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)